IN THE UNITEcase # STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN CHARLES VAETH
   *Plaintiff*,

v.

MAYOR & CITY COUNCIL OF
BALTIMORE CITY, *et al.*
   *Defendants*.

Civil Action No. ELH-18-1600

**MEMORANDUM**

Plaintiff Brian Charles Vaeth, who is self represented, has filed a 39-page Complaint titled "Independent Action To Assess Whether The United States District Court Has Been A Victim Of Fraud On The Court." ECF 1. He has named as defendants the Mayor and City Council of Baltimore (the "City") and the Fire & Police Employees' Retirement System of Baltimore ("F&PRS"). Several exhibits are appended to the suit. ECF 1-1 to ECF 1-7.[1]

Since 2003, Vaeth has filed several suits and appeals related to the denial of his disability benefits by F&PRS in 2002. These include the following: *Vaeth v. Bd. of Trustees*, RDB-08-0708, 2016 WL 775386, at *1 (D. Md. Feb. 29, 2016); *Vaeth v. Mayor & City Council of Baltimore City*, WDQ-11-0182, 2011 WL 4711904, (D. Md. Oct. 4, 2011), *aff'd*, 471 F. App'x 124 (4th Cir. 2012); *Vaeth v. Bd. of Trustees, Fire & Police Employees Ret. Sys. of Baltimore City*, RDB-08-708, 2009 WL 2487076, (D. Md. Aug. 11, 2009), *aff'd*, 402 F. App'x 786 (4th Cir. 2010); *Vaeth v. Mayor & City Council of Baltimore*, No. 24-C07009752 (Cir. Ct. Balt. City, December 13, 2007); *Vaeth v. Fire & Police Employees Ret. Sys. of Baltimore City*, No. 24-C03007014 (Cir. Ct. Balt. City, Sept. 29, 2003); *see also Vaeth v. Fire & Police Employees Ret. Sys. of Baltimore City*,

---

[1] Plaintiff's exhibits consist primarily of filings from earlier cases in which plaintiff was a party.

No. 24-C00005120 (Cir. Ct. Balt. City, Oct. 16, 2000). In this case, Vaeth maintains that, in the course of the prior litigation, defendants engaged in fraud on the court.

Defendants moved to dismiss under Rule 12(b)(6) (ECF 18), supported by a memorandum (ECF 18-1) (collectively, the "Motion") and several exhibits. *See* ECF 18-2 to ECF 18-7. They maintain that plaintiff's suit fails under the doctrine of res judicata and for failure to state a claim. ECF 18-1 at 6-9. Plaintiff opposes the Motion (ECF 20), and defendants have replied. ECF 23.

Plaintiff has also filed several motions. These are as follows: "Motion For Discovery" (ECF 26); "Motion For Leave To Update The Court" (ECF 30); "Motion For Leave To Update The Court With Information Relevant To This Action" (ECF 31); "Motion for Leave" (ECF 34). However, because I conclude that dismissal is warranted, I shall not consider them.

No hearing is necessary to resolve the Motion. *See* Local Rules 105.6. For the reasons set forth below, I shall grant the Motion.

## I. Factual Background[2]

The facts of plaintiff's 39-page, 117 paragraph Complaint have largely been described in prior opinions. *Vaeth v. Bd. of Trustees*, RDB-08-0708, 2016 WL 775386; *Vaeth v. Mayor & City Council of Baltimore City*, WDQ-11-0182, 2011 WL 4711904; *Vaeth v. Bd. of Trustees*, RDB-08-708, 2009 WL 2487076; *Vaeth v. Mayor & City Council of Baltimore*, No. 24-C07009752; *Fire & Police Employees Ret. Sys. of Baltimore City*, No. 24-C03007014. Accordingly, I shall provide only the essential elements of the Complaint.

Vaeth is a former employee of the Baltimore City Fire Department, where he worked as a firefighter. ECF 1, ¶ 17. In 1996, he suffered an on-the-job spinal injury. *Id.* ¶ 18. Although he recovered, he reinjured his spine in March 1999. *Id.* ¶ 19. As a result of this injury, the City

---

[2] The facts are derived from the Complaint.

determined that Vaeth was unable to perform his duties as a fireman and directed him to seek retirement benefits from the F&PERS. *Id.* ¶¶ 19-20. Plaintiff alleges that he was denied "Line of Duty Disability Benefits" but was awarded "Ordinary Retirement Benefits." *Id.* ¶ 21. Plaintiff alleges that he appealed and was reinstated to his position. *Id.* ¶¶ 22-23.

On June 28, 2002, plaintiff suffered another injury and was subsequently ordered to seek disability benefits again. *Id.* ¶ 24. He sought benefits, but his request was denied in 2003, after it was determined that his disability did not result from his duties. *Id.* ¶¶ 28-29.

As noted, since that time, plaintiff has proceeded with multiple suits and appeals. Of significance here, in *Vaeth v. Bd. of Trustees*, RDB-08-708, 2009 WL 2487076, plaintiff lodged several claims, contesting the denial of his disability benefits. On August 11, 2009, Judge Richard D. Bennett granted defendants' motion for summary judgment and dismissed plaintiff's suit. *Id.*

Six years after plaintiff's appeal failed, *Vaeth v. Bd. of Trustees*, 402 F. App'x 786 (4th Cir. 2010), plaintiff moved to re-open and relitigate the case by claiming fraud on the court, pursuant to a motion filed under Fed. R. Civ. P. 60(d)(3). He alleged that a "fraudulent affidavit submitted by Assistant City Solicitor Sabrina Willis, completed by Assistant Chief Devilbiss, Jr., was fraudulent and, more importantly, accommodated by the willingness of Baltimore City Solicitor George Nilson to allow that fraud to thoroughly invade this proceeding and support their effort to prevail against Plaintiff." *See Vaeth v. Bd. of Trustees*, RDB-08-0708, ECF 71-1 at 3.[3]

---

[3] In the context of a motion to dismiss, "[a] court may take judicial notice of docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), aff'd, 639 Fed. Appx. 200 (4th Cir. 2016); *cf. Anderson v. Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 n. 1 (4th Cir. 1990) (holding that a district court may "properly take judicial notice of its own records"). However, "these facts [must be] construed in the light most favorable" to the nonmovant. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (abrogated on other grounds by *Reed v. Town of Gilbert, Ariz.*, 576 U.S. ___, 135 S. Ct. 2218 (2015), as recognized in *Cahaly v. Larosa*, 796 F. 3d 399 (4th Cir. 2015)).

Further, plaintiff claimed, *inter alia*, that: (1) the City Solicitor improperly concealed plaintiff's employment file, *id.* at 4; (2) the hearing examiner was biased, *id.* at 7; (3) City officials allegedly told former Fire Department Chief William Goodwin to terminate plaintiff's employment, *id.* at 8; and (4) the City Solicitor's Office falsely claimed that plaintiff was not motivated to pursue administrative remedies. *Id.* at 8. However, Judge Bennett concluded that plaintiff's allegations were in "no way connect[ed] . . . to a degradation of this Court's integrity" and therefore dismissed the Rule 60 motion. *Vaeth v. Bd. of Trustees*, RDB-08-0708, 2016 WL 775386, at *2.

In the case sub judice, plaintiff again alleges that defendants committed fraud on the Court in connection with his prior litigation. *See* ECF 1. Specifically, he claims that the City: (1) procured a fraudulent affidavit from Rod DeVilbiss, former Baltimore City Fire Department Division Chief of Administration and Support, *id.* ¶¶ 33-38, 46, 50; (2) falsely claimed that plaintiff "sat on his rights" and was not motivated to pursue administrative remedies, *id.* ¶¶ 42-43; (3) falsely stated that plaintiff had not exhausted his administrative rights, *id.* ¶¶ 52-54; (4) regularly withheld evidence to obtain a favorable ruling, *id.* ¶¶ 59-66; (5) failed to introduce into the record an employee incident report related to plaintiff's injury, *id.* ¶¶ 67-69; (6) untruthfully claimed that plaintiff was not happy with the hearing examiner's decision and chose to return to work, *id.* ·¶ 72; (7) knowingly made false statements during the administrative process related to plaintiff's disability benefits, *id.* ¶¶ 74-76, 83-91; (8) falsely stated that plaintiff was demonstrating self-limiting behavior at the time of his functional capacity evaluation, *id.* ¶ 78; (9) withheld relevant information from the administrative hearing officer and Dr. Halikeman, a City doctor who examined plaintiff, *id.* ¶¶ 80-82; (10) untruthfully told another judge of this court that plaintiff's appeal in the Circuit Court for Baltimore City was dismissed because it was untimely, *id.* ¶¶ 96-

97; (11) untruthfully told another judge of this court that the City undertook extensive efforts to accommodate the plaintiff, *id.* ¶¶ 100-04; and (12) allegedly told former Fire Department Chief William Goodwin to terminate plaintiff's employment, *id.* ¶ 109.

## II. Discussion

Defendants contend that plaintiff's claim of fraud on the court is barred by the doctrine of res judicata. ECF 59 at 2. In response, plaintiff claims that his claim is not barred because he raises it as an independent action, not under Rule 60(b). ECF 20 at 1-2. Additionally, plaintiff claims that he has provided new evidence that was previously unavailable. *Id.* at 16-17.

### A. Fraud on the Court

A precise definition of "fraud on the court" is "elusive." *Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs*, *Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir. 1982). It is a "nebulous concept" that is "construed very narrowly . . . ." *Id.* Clearly, it "is not your 'garden variety fraud.'" *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014) (citation omitted). As the Fourth Circuit has explained, *id.* at 136, "not only must fraud on the court involve an intentional plot to deceive the judiciary, but it must also touch on the public interest in a way that fraud between individual parties generally does not."

Moreover, "this doctrine should be invoked only when parties attempt 'the more egregious forms of subversion of the legal process . . . , those that we cannot necessarily expect to be exposed by the normal adversary process.'" *Fox*, 739 F.3d at 136 (quoting *Great Coastal*, 675 F.2d at 1357); *see Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245-46 (1944); *see also* 12 JAMES WM. MOORE ET AL., *Moore's Federal Practice* ¶ 60.21[4][a] (3d ed. 1999) (stating that fraud upon the court encompasses an attempt to corrupt the "integrity of the normal process of adjudication"). These "egregious cases" include "bribery of a judge or juror, or improper influence

exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Great Coastal Exp., Inc*, 675 F.2d at 1356.

Notably, fraud on the court "presents . . . a very high bar for any litigant." *Fox*, 739 F.3d at 136-37. In particular, establishing fraud on the court involves "corruption of the judicial process itself" and does not apply to a "routine evidentiary conflict." *Id.* at 136 (internal quotations omitted). Although a plaintiff need not "prove" its case at the motion to dismiss stage, the allegations must be sufficient to state a claim.

### B. Res Judicata

Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine precludes parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153-54. The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). The party who asserts res judicata has the burden of showing its application. *See Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019).

The doctrine of res judicata applies when the following three elements are present: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or their privies in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (citation and quotation marks omitted); *see Weiner v.*

*Fort*, 197 F. App'x 261, 264 (4th Cir. 2006); *In re Varat Enter., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) (stating that "claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding"); *Young–Henderson v. Spartanberg Area Mental Health Ctr.,* 945 F.2d 770, 773 (4th Cir. 1991) (quoting *Nash Cty. Bd. of Educ. v. Biltmore Co.,* 640 F.2d 484, 486 (4th Cir. 1981)); *see also Davis v. Wicomico Cty. Bureau*, 447 Md. 302, 306, 135 A.3d 419, 422 (2016) ("The requirements of the doctrine of res judicata [include] . . . that there was a final judgment on the merits.").

A cause of action is "identical" for purposes of res judicata if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986). Res judicata thereby accounts for "issues that . . . could have been raised in that [first] action." *San Remo Hotel, L.P. v. City and Cty. of San Francisco, Cal.*, 545 U.S. 323, 336 n.16 (2005) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *Clodfelter*, 720 F.3d at 210. Moreover, "[a] plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of res judicata. *Onawola v. Johns Hopkins Univ.*, AMD 07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982).

On the other hand, res judicata does not bar a claim that could not have been brought in the earlier litigation. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955). The controlling issue is whether the claim existed at the time of the prior suit, not whether plaintiff had actual knowledge of the claim at that time. *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990). "An

exception to the general principle that lack of knowledge will not avoid the application of res judicata rules is found in cases where fraud, concealment, or misrepresentation have caused the plaintiff to fail to include a claim in a former action." *Harnett*, 800 F.2d at 1313.

As noted, in *Vaeth*, RDB-08-0708, 2016 WL 775386 (D. Md. Feb. 29, 2016), plaintiff filed a motion under Rule 60, alleging that the City, FP&RS, and others engaged in fraud on the court. The court denied plaintiff's motion, stating that Vaeth failed "even to identify the particular 'fraud on the court' allegedly perpetrated by the Defendants." *Id.* at *2. Because the denial was a final judgment on the merits, I have no hesitation in finding satisfaction of the first element.

In addition, plaintiff has again alleged fraud on the court, the same claim raised in his Rule 60 motion. *See id.* Both claims arise out of the "same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett*, 800 F.2d at 1314. Although plaintiff has added allegations in the Complaint, these allegations were either known to him at the time of his prior suit or are of no significance. For example, plaintiff added examples of the systemic misconduct in the Baltimore City Fire Department and the City. ECF 1, ¶¶ 110-14. But, none of his examples create an inference of or constitute a claim for a fraudulent act in the cases involving plaintiff. *See* ECF 1, ¶¶ 110-14; ECF 20 at 16-17. At most, these allegations bolster alleged instances of fraud on the court, of which plaintiff knew or should have known prior to filing his Rule 60 motion in *Vaeth*, 2016 WL 775386. As a result, the second element is met.

Both defendants in the case sub judice were also defendants in the earlier case. Therefore, the third element is also satisfied.

Accordingly, I conclude that plaintiff's claims are barred by the doctrine of res judicata. "Plaintiff's arguments are merely a reiteration of his disagreements with this Court's previous

rulings, the Fourth Circuit's previous rulings, and Defendants' earlier testimony and arguments in support of dismissal." *Vaeth*, 2016 WL 775386 at *2.

### III. Conclusion

For the reasons stated above, I shall grant defendants' Motion and dismiss the suit, with prejudice.

An Order follows.

Date: May 24, 2019                                     /s/
                                            Ellen L. Hollander
                                            United States District Judge